**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MICHAEL L. GEATCHES, ADC #161041 — PETITIONER

v. 5:16CV00183-JM-JJV

WENDY KELLEY, Director, ADC — RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

On May 11, 2015, Mr. Geatches pleaded guilty in Crawford County Circuit Court to second degree sexual assault of a seven-year-old girl. (Doc. No. 9-4.) The circuit court sentenced him to twelve years' imprisonment with an eight-year suspended imposition of sentence. (*Id.*) Mr. Geatches did not appeal his conviction. *See* Ark. R. App. P.-- Crim.1(a). He filed a Rule 37 petition (Doc. No. 9-5) six months too late, and it was dismissed as untimely. (Doc. No. 9-6.) Mr. Geatches appealed to the Arkansas Supreme Court, and that appeal is still pending.[1] However, on July 27, 2016, Mr. Geatches filed a motion to dismiss the appeal because he "failed to file a brief in support . . . in time." (Doc. No. 9-7.)

On June 13, 2016, Mr. Geatches filed the current Petition for Writ of Habeas Corpus alleging five grounds of ineffective assistance of counsel and four grounds of prosecutorial misconduct. (Doc. No. 2.) Respondent argues all claims are procedurally barred (Doc. No. 9), and for the following reasons, I agree.

[1]Generally federal courts "will not hear a claim if the petitioner has not exhausted all available state remedies unless further litigation in the state courts would be futile . . .". *Sloan v. Delo*, 54 F.3d 1371, 1378 (8th Cir. 1995). Both Mr. Geatches and Respondent say the state court appeal is futile, and I agree.

## II. ANALYSIS / PROCEDURAL DEFAULT[2]

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. at 749-50).

A federal court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas,* 941 F.2d 672, 673 (8th Cir. 1991). Mr. Geatches was required to first present his ineffective assistance of counsel claims to the Arkansas courts "as

---

[2]Mr. Geatches does not argue that the exception created in *Martinez v. Ryan*, 566 U.S. __, 132 S.Ct. 1309 (2012), should apply in his case. But even if Martinez applied, I find no relief would be available to Mr. Geatches. If *Martinez* applied, I would perform a merits review of the defaulted claims only if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Geatches had no counsel in the post-conviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Geatches had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 569 U.S. ___, 133 S.Ct. 1911 (2013). Here, Mr. Geatches's ineffective assistance of counsel claims fail on the first prong of the analysis as they do not reach the level of "substantial."

required by state procedure," in a petition for post-conviction relief under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *see also*, e.g., *Carrier v. State*, 278 Ark. 542-3, 647 S.W.2d 449-50 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].")

Mr. Geatches filed his Rule 37 petition untimely, so the merits were never reviewed by any state court. "When a habeas petitioner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of his claims is barred . . ." *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013). Furthermore, ". . . a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition . . ." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

Federal district courts may only review procedurally defaulted petitions if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Geatches admits he is procedurally defaulted but argues he has "suffered governmental impediment in obtaining the record . . ." (Doc. No. 11 at 1.) He believes that because the state court did not provide him with the "record," he has"cause" for his procedural default. He states he "has documentary proof of the many attempts to obtain the record and evidence to support his claims. . ." but he has failed to provide that evidence with his Petition. (Doc. No. 2 at 3.) The only available information on record is that Mr. Geatches submitted a Freedom of Information Act (FOIA) request to the Crawford County Circuit Clerk asking for the all non-confidential information in his criminal

case.[3] It was denied because FOIA requests will not be provided to those who have "pleaded guilty to . . . a felony and [are] incarcerated in a correctional facility." Ark. Code. Ann. § 25-19-105. I find the denial of his FOIA request was not an impediment to timely filing the Rule 37 petition and does not constitute cause for default.

Mr. Geatches also fails to fit into the miscarriage-of-justice exception. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. at 316 (1995)).

Mr. Geatches believes if I order the Respondent to provide his "Voice Stress Analysis," he will be able to "establish [his] actual innocence." (Doc. No. 10 at 2.) A claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924 (2013). However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, Mr. Geatches must establish (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). Evidence is

---

[3] I accessed these documents from Arkansas Judiciary's CourtConnect because it was not provided as a part of the record before this Court, Crawford County Circuit Court case *State v. Geatches*, 17CR-14-483. If Mr. Geatches feels this information is incorrect or would like to respond, he may do so in his objections to this Recommendation.

"new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* F.3d 921, 934 (8th Cir. 2012).

Mr. Geatches does not provide factual innocence nor does he provide evidence that was not available at the time of trial. He claims in his Rule 37 petition (Doc. No. 9-5) that the "evidence sought to prove his grounds did not arrive until late December of 201[5]."[4] However, he did not provide any of this evidence with his current Petition. Simply stating he has evidence or asking the Court to compel Respondent to provide voice stress testing is insufficient to prove actual innocence, and therefore, does not excuse his procedural default regarding his ineffective assistance claim.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Mr. Geatches's claims are clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

---

[4]Petitioner actually wrote "December of 2016," but logically, the year had to be 2015.

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED; and

2. A certificate of appealability should not be issued.

DATED this day 5th of October, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE